IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| HAROLD CANNON | : | No. 05-CR-36 |

MEMORANDUM RE: PETITION FOR HABEAS CORPUS RELIEF

**Baylson, J.**                                                                                          **August 12, 2009**

Defendant / Petitioner Harold Cannon was convicted by a jury of possession of cocaine base with intent to distribute and related offenses. (Doc. No. 75). After the Third Circuit denied his appeal, Defendant filed the current Motion to Vacate/Set Aside/Correct Sentence under 28 U.S.C. § 2255 asserting several grounds of error. (Doc. Nos. 98, 100). For the following reasons, Defendant's Motion will be denied.

I.      **Background and Procedural History**

Defendant's conviction arose out of an incident that occurred on March 5, 2004. (Indictment 1.) Prior to this, on December 15, 2003, a confidential informant ("informant") known to Federal Bureau of Investigation ("FBI") Special Agent Robert Parks told Agent Parks that Defendant was a crack and cocaine dealer. (Govt's Resp. Def.'s Mot. 2.) The informant identified a picture of Defendant and provided Defendant's telephone numbers and address, which Agent Parks verified as having come up in to previous FBI drug investigations. (Id.) On March 3, 2004, the informant told Agent Parks that Defendant had asked the informant to distribute cocaine for Defendant. (Id.) The informant also told Agent Parks Defendant's address and that Defendant drove a purple Chrysler, which Agent Parks again verified. (Id. at 2-3.)

On March 5, 2004, the informant told Agent Parks that Defendant would be leaving his house to deliver cocaine to the informant. (Id. at 3.) The FBI then asked the Philadelphia police to assist in surveillance of Defendant. (Id.) At about 11:55 a.m. on March 5, Philadelphia police officers made a traffic stop of the car Defendant was driving based on the information received from the informant. (Id.; Def.'s Mot. Identification Produc. Informant ¶¶ 2,4.) Defendant did not have a driver's license, and the officers asked Defendant to step out of the car. (Govt's Resp. 3.) The officers conducted a pat-down frisk and retrieved a .38 Smith and Wesson caliber revolver loaded with live rounds. (Id. at 4; Indictment 1.) The officers conducted a further search of Defendant's person, incident to his arrest, and discovered capsules and zip-lock packets containing 12.2 grams of crack cocaine and $215 in cash. (Govt's Resp. 4.) The officers also saw 56.4 grams of marijuana in plain view in Defendant's car. (Id.) Later at the police station, officers discovered an additional $1,700 on Defendant's person. (Id.)

A federal grand jury indicted Defendant on January 25, 2005, charging him on four counts: (1) possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); (2) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); (3) possession of more than five grams of cocaine base ("crack") with intent to distribute, in violation of 21 U.S.C. § 841(a); and (4) possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a).

Prior to trial, the government discovered that the firearm recovered from Defendant was considered an "antique firearm" that was excluded under Sections 922(g) and 924(c). (Def.'s Mot. In Limine ¶¶ 2,3). Thus, the government did not go forward at trial on Count II, possession of a firearm in furtherance of a drug trafficking crime, and, as to Count I, went forward based solely on Defendant's possession of ammunition. (Def.'s Mot. In Limine ¶ 5; Govt's Resp. 5).

2

On May 5, 2006, the jury returned a verdict of guilty on all remaining counts in a bifurcated proceeding.  (Doc. No. 75).  This Court then held a sentencing hearing for Defendant on September 13, 2006, and imposed a sentence of 137 months imprisonment, eight years of supervised release, a $300 special assessment, and a $5,000 fine.  (Doc. Nos. 85, 86).  Defendant appealed his conviction and sentence.  (Doc. No. 87).  On June 12, 2008, the Third Circuit denied Defendant's appeal.  (Doc. No. 97).

On May 14, 2009, Defendant filed the current *pro se* Motion to Vacate/Set Aside/Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 98) and filed an Extension to the Motion on June 19, 2009 (Doc. No. 100).  The government filed its Response to Defendant's § 2255 petition on June 25, 2009.  (Doc. No. 101).

## II. Standard for § 2255 Petitions

Defendant brings this Motion under 28 U.S.C. § 2255(a), which provides that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).  A district court may grant relief under this statute if the court finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."  28 U.S.C. § 2255(b).

## III. Points of Alleged Error

In his Motion, Defendant raises the following points of alleged error:

(1) the Government improperly amended the indictment without returning to the grand jury;

(2) the trial court improperly failed to allow Defendant the right to confront and cross-examine the informant as a trial witness; and

(3) Defendant's counsel was ineffective for not objecting to the Government's change in the indictment and the court's improper denial of Defendant's right to confront and cross-examine the informant.

### A.     Change to the Indictment

First, Defendant argues that the government improperly amended the criminal indictment returned by the grand jury on January 25, 2005. Defendant contends that "the Court allowed the government to amend the indictment from 18 U.S.C. 924(c) to 18 U.S.C. 922(g)" without seeking a new indictment. (Def.'s Mot. Vacate 6.) The Government argues that the grand jury indictment was not amended but, rather, the Government decided to drop one count listed in the indictment and go forward on a limited basis on another charge. (Govt's Resp. 5.)

Defendant's argument fails. Prosecutors are granted broad discretion in charging and prosecuting counts of an indictment. See Wayte v. United States, 470 U.S. 598, 607 (1985).

Defendant alleges that the Government altered the original indictment, but the Record does not support this allegation. The Government chose not to pursue Count Two of the indictment (possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)) after discovering that the firearm in question was an antique weapon, which is not covered by 18 U.S.C. § 924(c). For the same reason, the Government chose to proceed with

Count One of the indictment based solely on Defendant's possession of ammunition, instead of possession of a firearm. Petitioner has relied upon a misinterpretation of United States v. Miller, 471 U.S. 130 (1985), and argues that Miller holds that the government may not alter an indictment without returning to a grand jury. (Def.'s Mot. 9.) However, in Miller, the government struck part of an indictment that it no longer wished to pursue, and the Supreme Court held that this narrowing of an indictment in no way violated the constitutional rights of the defendant. Id. at 145. Here, the Government chose not to pursue Count Two of the indictment and withdrew this count at trial. Id. Count One, for possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g), was in the original indictment and was not an amendment. (Doc. No. 1). The Government's decision not to proceed with this count of the indictment constitutes a narrowing of the indictment consistent with Miller.

This decision not to pursue a portion of the indictment falls squarely within the Government's prosecutorial discretion and in no way violated Defendant's constitutional rights.

### B.    Denial of Right to Confront Informant

Second, Defendant argues that his right to confront and cross-examine the Government's informant was improperly denied. (Def.'s Mot. Vacate 6). The Government argues that Defendant has not presented any specific reason why the informant's testimony was necessary and further that the informant was not a witness to the crime and therefore his testimony is irrelevant. (Govt's Resp. 6-8).

Defendant had no right to confront the informant at trial. This Court considered and denied his motion to that effect on May 2, 2006. (Doc. No. 71). The Supreme Court has recognized that the Government has a qualified privilege in the refusal to disclose the identity of

a confidential informant from whom it has received information concerning alleged criminal activity. See Roviaro v. United States, 353 U.S. 53, 59-60 (1957); see also United States v. Bazzano, 712 F.2d 826, 839 (3d Cir. 1983). However this privilege must give way where disclosure is "relevant and helpful to the defense of an accused, or is essential to a fair determination of a case." Roviaro, 353 U.S. at 60-61. The defendant bears the burden of setting forth a specific need for disclosure. United States v. Jiles, 658 F.2d 194, 197 (3d Cir. 1981). The Court must weigh the "particular circumstances of each case" to determine if the defendant has met his burden. See United States v. Harrington, 951 F.2d 876, 877 (8th Cir. 1991) (quoting Roviaro, 353 U.S. at 62).

      Here, Defendant has not made any substantive argument as to how the informant's identity, testimony, or cross-examination would have aided in the defense of his criminal charges. The informant was not an eyewitness to the crime alleged in the indictment nor were the informant's statements critical to the Government's case against Defendant. The informant in this case merely provided authorities with a corroborated tip that led to Defendant's traffic stop on March 5, 2004. The evidence presented at trial, without any testimony by the informant as a trial witness, was sufficient to support the jury's guilty verdict. Further, Defendant previously raised the issue of the police's probable cause to stop his vehicle in a Motion to Suppress, (Doc. No. 20), and this Court denied the motion (Doc. No. 40).

      Petitioner's reliance upon Brady v. Maryland, 373 U.S. 83 (1963), and 18 U.S.C. § 3500 is also erroneous. Brady concerns the Government's disclosure of exculpatory evidence, which is not at issue here. Section 3500, the Jencks Act, covers the admission of witness statements following their testimony, and thus this argument is not relevant.

### C.  Ineffective Assistance of Counsel

Finally, Defendant argues that his counsel was ineffective for failing to raise the two issues discussed above prior to and during trial. (Def.'s Mot. Vacate 6.) Whether a defendant was denied effective assistance of counsel is controlled by Strickland v. Washington, 466 U.S. 668 (1984). "Under the Strickland standard, in order to prevail on a claim of ineffective assistance of counsel, a petitioner must establish that: (1) counsel's performance was deficient, and (2) counsel's deficient performance prejudiced the defense." United States v. Zahir, 2008 WL 5050180, at *3 (E.D. Pa. Nov. 26, 2008) (Baylson, J.) (citing Strickland, 466 U.S. at 687).

Here, the defendant fails to meet the first prong of the Strickland test. Counsel's performance cannot be termed ineffective for failing to raise baseless arguments. In the cases cited by Defendant, the government had improperly amended an indictment, statements were improperly introduced, or some other improper action was taken at or before trial, and counsel failed to raise these issues. Defendant's claims concerning an amended indictment and failure to identify and call the informant as a witness are baseless for the reasons discussed above, and Defendant's counsel cannot be ineffective for failing to raise these baseless claims.

### IV.  Conclusion

This Court finds no probable cause to issue a certificate of appealability.

An appropriate Order follows.